IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| A.D.L., a Minor, Individually and By and Through His Parent and Natural Guardian Lisa A. Lindstrom, and Lisa A. Lindstrom in Her Own Right 700 Pomona Road Cinnaminson, New Jersey 08077 | : : : : : : : : | Docket No. |
| Plaintiffs | : : | |
| V. | : : : | |
| Cinnaminson Township Public Schools 2195 Riverton Road Cinnaminson, New Jersey 08077 | : : : : : | |
| And | : : | |
| Cinnaminson Township Board of Education 2195 Riverton Road Cinnaminson, New Jersey 08077 | : : : : | |
| Defendants | : | |

## COMPLAINT

1. Plaintiff, A.D.L., is a minor, and a citizen of the State of New Jersey who resides at 700 Pomona Road in Cinnaminson, New Jersey 08077.

2. Plaintiff, Lisa A. Lindstrom, is an adult individual, and a citizen of the State of New Jersey who resides at 700 Pomona Road in Cinnaminson, New Jersey 08077.

3. Lisa Lindstrom is the mother and natural guardian of A.D.L.

4. Cinnaminson Township Public Schools and/or the Cinnaminson Township Board of Education are the entities charged with the responsibility of providing both

elementary education, secondary education, and special education (pursuant to the Individuals With Disabilities Education Improvement Act, 20 U.S.C. §1400 et. seq., hereinafter referred to as the "IDEA"), to all children under the age of twenty one (21) who reside in Cinnaminson Township, New Jersey. Cinnaminson Township Public Schools and the Cinnaminson Township Board of Education's Administrative Offices are located at 2195 Riverton Road in Cinnaminson, New Jersey 08077.

## Jurisdiction

5. This Honorable Court has jurisdiction over the claims set forth herein pursuant to 28 U.S.C. § 1331, and pursuant to 20 U.S.C. § 1415(i).

## Factual Background

6. A.D.L. is presently sixteen (16) years old, and has been multiply handicapped since birth. A.D.L.'s disabilities include blindness, cerebral palsy, and developmental delay.

7. At all times relevant hereto, A.D.L. has been eligible for special education services under the IDEA from Cinnaminson Township Public Schools and/or the Cinnaminson Township Board of Education.

8. Since July of 2010, A.D.L. has attended a residential education program at the Concordia Learning Center, St. Joseph's School for the blind which is located in Jersey City, New Jersey.

9. The Concordia Learning Center's residential program is only provided during the school week, and students in the program have to return to their homes for the weekend.

10. Under the provisions of the IDEA, Cinnaminson Township Public Schools and/or the Cinnaminson Township Board of Education have an obligation to transport A.D.L. to and from the Concordia Learning Center so that he can attend his educational program.

11. From July of 2010 through July 1, 2011, Lisa Lindstrom agreed to undertake the responsibility to transport A.D.L. to and from the Concordia Learning Center in exchange for an agreed upon per diem with the Cinnaminson Township Public Schools/Cinnaminson Township Board of Education. This agreement was set forth in a Consent Order dated October 19, 2010, that was entered into by Ms. Lindstrom and the Cinnaminson Township Public Schools/Cinnaminson Township Board of Education in special education litigation before the Office of Administrative Law for the State of New Jersey.

12. In order to transport A.D.L. to and from the Concordia Learning Center, Lisa Lindstrom contracted with a transportation provider and aide. Ms. Lindstrom, a registered nurse, trained A.D.L.'s driver and aide how to handle A.D.L.'s medical condition, and how to deal with any emergency situations they may encounter.

13. Although the agreed upon per diem did not cover the full cost of A.D.L.'s transportation to and from the Concordia Learning Center, Lisa Lindstrom abided by the Consent Order that had been entered into, and transported A.D.L. to the Concordia Learning Center through July 1, 2011, for the agreed upon per diem.

14. In May of 2011, Lisa Lindstrom attended an IEP meeting at the Concordia Learning Center in order to arrange A.D.L.'s educational program for the Summer of 2011 and the 2011-2012 School Year.

15. Before the IEP meeting, Lisa Lindstrom advised Cinnaminson Township Public Schools/Cinnaminson Township Board of Education that the per diem for A.D.L.'s transportation would have to be increased. The increase was necessary because the vendors with whom Ms. Lindstrom contracted were raising their rates for services, and because the current per diem in effect did not even cover the full cost of A.D.L.'s transportation.

16. Cinnaminson Township Public Schools/Cinnaminson Township Board of Education refused to increase the per diem for A.D.L.'s transportation for the Summer of 2011 and/or the 2011-2012 School Year.

17. In June of 2011, Lisa Lindstrom, on behalf of A.D.L., filed a Due Process Petition with the Office of Administrative Law contending in part that the per diem rate for A.D.L.'s transportation to the Concordia Learning Center for the Summer of 2011 and/or the 2011-2012 School Year should be increased to $506.00 per day.

18. Lisa Lindstrom has continued to transport A.D.L. to the Concordia Learning Center during the pendency of the present litigation.

19. Cinnaminson Township Public Schools/Cinnaminson Township Board of Education filed a Motion to Dismiss A.D.L.'s transportation claim in October of 2011.

20. The matter was subsequently briefed and argued before the Honorable Patricia A. Kerins, Administrative Law Judge for the State of New Jersey, on December 6, 2011.

21. Administrative Law Judge Kerins dismissed A.D.L.'s claim for an increased transportation per diem. Administrative Law Judge Kerins issued a written decision in the case on December 19, 2011.

22. Lisa Lindstrom and A.D.L. have now exhausted their administrative remedies regarding the transportation claim, and have been advised by Administrative Law Judge Kerins in her written decision that they may appeal her decision to this Honorable Court pursuant to the provisions of the IDEA, i.e. 20 U.S.C. §1415(i); 34 C.F.R. § 300.516.

**Count I**

23. Lisa Lindstrom and A.D.L. incorporate herein by reference paragraphs 1 through 22 of this Complaint as if set forth herein at length.

24. Cinnaminson Township Public Schools/Cinnaminson Township Board of Education have an obligation to transport A.D.L. to and from the Concordia Learning Center so that he can attend his educational program pursuant to the provisions of the IDEA.

25. Lisa Lindstrom and A.D.L. are not bound to accept the per diem set forth in the October 2010 Consent Order from July 1, 2011, onward as found by Administrative Law Judge Kerins.

26. In fact, Lisa Lindstrom is entitled to be reimbursed $506.00 per day for transporting A.D.L. to and from the Concordia Learning Center on Cinnaminson Township Public Schools/ the Cinnaminson Township Board of Education's behalf.

**WHEREFORE,** A.D.L. and Lisa Lindstrom respectfully request that this Honorable Court enter a judgment in their favor and against the Cinnaminson Township Public Schools/Cinnaminson Township Board of Education, and direct the Cinnaminson Township Public Schools/Cinnaminson Township Board of Education to:

(1). Reimburse Lisa Lindstrom the difference between whatever Cinnaminson Township Public Schools/Cinnaminson Township Board of Education reimbursed

Lisa Lindstrom and what it actually cost Lisa Lindstrom to transport A.D.L. for each day Lisa Lindstrom transported A.D.L. to or from the Concordia Learning Center since July 1, 2011;

(2). Begin to reimburse Lisa Lindstrom $506.00 per day for each day she transports A.D.L. to or from the Concordia Learning Center through end date of services in A.D.L.'s current IEP; and

(3). Reimburse Lisa Lindstrom for all costs and legal fees incurred as a result of Cinnaminson Township Public Schools/Cinnaminson Township Board of Education's refusal to increase the transportation per diem.

Respectfully submitted,

S/ David G. C. Arnold

_____
David G. C. Arnold

Suite 106, 920 Matsonford Road
West Conshohocken, Pennsylvania 19428
Davidgcarnold@aol.com
Telephone (610) 397-0722
Telefax (610) 397-0723

Attorney for Plaintiffs

Dated: March 2, 2012